Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| GLADYS ANTONIA MALDONADO MALDONADO Y OTROS<br><br>PETICIONARIOS<br><br>v.<br><br>ELIEZER PAGÁN TORRES Y OTROS<br><br>RECURRIDOS | KLCE202400462 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm. UT2018CV00114<br><br>Sobre: Cumplimiento Específico de Contrato, Deslinde, Amojonamiento y Reivindicación. |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero, y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 9 de mayo de 2024.

### I.

El 25 de abril de 2024, la señora Gladys Antonia Maldonado Maldonado, el señor Amador Maldonado Sánchez, Luz Maldonado Maldonado y la Sociedad Legal de Gananciales compuesta por estos últimos (peticionarios) presentaron una petición de *Certiorari* en la que solicitaron que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI o foro primario) el 6 de marzo de 2024, notificada y archivada en autos al día siguiente.[1] Mediante el dictamen, el TPI resolvió no admitir en evidencia un plano y un informe pericial en la eventualidad de que se ofrecieran como prueba por los peticionarios en el juicio de un pleito en reclamo de cumplimiento específico de contrato, deslinde, amojonamiento y reivindicación que promueven en contra del señor

---

[1] Apéndice de la petición de *Certiorari*, Anejo 10, págs. 29-33.

Eliezer Pagán Torres, la señora Julia Torres Rivera y la Sociedad Legal de Gananciales compuesta por ambos (recurridos).

Ese mismo día, los peticionarios radicaron una *Moción en solicitud de auxilio de jurisdicción* en la que solicitaron que ordenáramos la paralización de los procedimientos del caso ante el TPI. Según esbozaron, la continuación del juicio en su fondo está calendarizada para el 15 de mayo de 2024.

En el mismo día de la radicación del caso, emitimos una *Resolución* en la que le concedimos un término de cinco (5) días a los recurridos para que expusieran su posición sobre los méritos del recurso. Asimismo, denegamos la solicitud de auxilio de jurisdicción porque los peticionarios incumplieron con los requisitos de notificación simultánea e inmediata, establecidos por la Regla 79(E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 79(E).

El 29 de abril de 2024, los recurridos presentaron una *Moción sobre orden del 25 de abril* en la que informaron que no fueron notificados del recurso de *Certiorari*, ni de la solicitud de auxilio de jurisdicción y, por ello, solicitaron que se les concediera un término razonable para exponer su posición una vez los mismos les fueran debidamente notificados.

El 30 de abril de 2024, emitimos una *Resolución* en la que le concedimos a los peticionarios hasta el 3 de mayo de 2024 para proveer evidencia del cumplimiento con la notificación del recurso a los recurridos, como lo requiere la Regla 33 del Reglamento del Tribunal de Apelaciones, *supra*, R.33. También, le concedimos hasta en o antes del 1 de mayo de 2024 a las 6:00 p.m. para adelantarle el recurso por correo electrónico a los recurridos.

El 2 de mayo de 2024, los peticionarios radicaron una *Moción en cumplimiento de orden* en la que informaron que cumplieron con las órdenes de nuestra *Resolución* del 30 de abril de 2024.

El 6 de mayo de 2024, emitimos una *Resolución* en la que le concedimos hasta el 10 de mayo de 2024 a los recurridos para que expusieran su posición sobre los méritos del recurso.

Ese mismo día, los recurridos presentaron una *Moción en oposición a expedición de certiorari* en la que argumentaron que esta Curia no debía expedir el *Certiorari* solicitado.

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso y, en adelante, pormenorizamos los hechos atinentes a la atención de la petición de *Certiorari* de epígrafe.

**II.**

El caso de marras tuvo su génesis el 17 de septiembre de 2018 cuando los peticionarios radicaron una *Demanda* sobre cumplimiento específico de contrato y amojonamiento en contra de los recurridos.[2] Según la reclamación, las partes, quienes son colindantes entre sí, llegaron a un acuerdo judicial, recogido en una *Resolución* emitida por el TPI, Sala Superior de Adjuntas, en el caso Q2011-24. En el acuerdo, las partes estipularon que se establecería una línea divisoria entre dos puntos de los predios. Sin embargo, alegaron que los recurridos impidieron los intentos de los peticionarios de colocar la verja según el acuerdo alcanzado entre las partes. En consecuencia, solicitaron que el TPI ordenara el cumplimiento específico del acuerdo, el amojonamiento entre las propiedades y el pago de $4,000.00 por concepto de honorarios de abogado por la temeridad de los recurridos.

Luego de múltiples trámites procesales, el 13 de diciembre de 2023, comenzó el juicio en su fondo. Los peticionarios presentaron como perito al agrimensor Milton González Fernandini (agrimensor González Fernandini), cuyas cualificaciones fueron estipuladas.

---

[2] Entrada Núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Según relata la petición de *Certiorari*, estipuladas las cualificaciones del agrimensor González Fernandini y en medio del directo cuando solo se le preguntó su nombre, en qué se desempeñaba profesionalmente y su número de licencia profesional, los recurridos cuestionaron si el plano y el informe pericial en el que el perito basaría su testimonio contaban con las estampillas requeridas por la Ley del Colegio de Ingenieros y Agrimensores de Puerto Rico, Ley Núm. 319 de 1938, según enmendada, 20 LPRA secs. 731 *et seq.* Ante la respuesta negativa del perito, los recurridos objetaron la admisibilidad de ambos documentos.

Estos incidentes quedaron recogidos en una *Minuta* transcrita, notificada y archivada en autos digitalmente el 14 de diciembre de 2023.[3] En la *Minuta* quedó consignado lo siguiente:

> Comenzando el contrainterrogatorio del testigo Milton González Fernandini, el licenciado Mercado solicita conferenciar entre abogados en el despacho con el Juez que Preside.
>
> **El Tribunal concede un breve receso para reunirse con los abogados en el despacho.**
>
> ----------------------------------------------
>
> *Llamado el caso nuevamente.* Indicó el licenciado Mercado que el perito de la parte demandante Milton Gonzalez Fernandini, ha sido cualificado; sin embargo, estaba en proceso de atender su testimonio, el cual le hizo dos preguntas que obran en el record y una fue contestada y la otra no, por lo que entiende que su contestación es pertinente. No obstante, llamó a la atención la Ley 147 del 9 de agosto del 2016, la cual enmienda la Sección 11 de la Ley 319 del 15 de mayo de 1938 a la disposición de la requerida ley, no debe ser admisible el testimonio y el informe, por lo que lo somete a la consideración del Tribunal.
>
> El licenciado Bernard solicita término hasta el 30 de enero para reaccionar al planteamiento del licenciado Mercado, a lo cual el licenciado manifestó no tener reparo.
>
> ***En este momento el Tribunal detiene los procedimientos hasta tanto se adjudique la controversia planteada. Se concede el término hasta el 30 de enero de 2024 al licenciado Bernard para que fije su posición sobre el planteamiento del licenciado Mercado. Una vez se presente la moción, el Tribunal concederá al licenciado Mercado el correspondiente término para replicar a la misma.***[4]

---

[3] Entrada Núm. 99 del expediente digital del caso en el SUMAC.
[4] Íd.

El 30 de enero de 2024, los peticionarios presentaron una *Moción en cumplimiento de orden* en la que solicitaron al TPI que declarara No Ha Lugar la objeción de los recurridos sobre la admisibilidad de los documentos presentados y ordenara la continuación de los procedimientos.[5]

El 1 de febrero de 2024, los recurridos radicaron una *Moción en cumplimiento de orden* en la que reiteraron su solicitud de que los planos y el informe pericial eran inadmisibles como evidencia y fueran presentados en pleno juicio y luego de concluir el descubrimiento de prueba.[6] Según plantearon, como era necesario que se demostrara la localización de las colindancias con planos e informes admisibles, arguyeron que, ante la exclusión de esa evidencia, procedía la desestimación del pleito.

El 21 de febrero de 2024, los peticionarios presentaron una *Réplica a moción en cumplimiento de orden* en la que defendieron la admisibilidad de los planos y el informe y, también, argumentaron que la solicitud de desestimación carecía de fundamentos.[7]

El 26 de febrero de 2024, los recurridos radicaron una *Moción en cumplimiento de orden de dúplica* en la que reiteraron su objeción.[8] En concreto, esbozaron que las estampillas con las que no cuenta el informe legalizan el documento y cuentan con fecha e información específica del caso en el que se utilizarán.

El 27 de febrero de 2024, el TPI emitió, notificó y archivo en autos digitalmente una *Resolución* en la que dio por sometida la controversia.[9]

El 6 de marzo de 2024, el TPI emitió la *Resolución* recurrida en la que declaró Ha Lugar la objeción de los recurridos sobre la

---

[5] Apéndice de la petición de *Certiorari*, Anejo 2, págs. 3-7.
[6] Íd., Anejo 4, págs. 9-11.
[7] Íd., Anejo 6, págs. 14-18.
[8] Íd., Anejo 8, págs. 22-25.
[9] Íd., Anejo 9, págs. 27-28.

admisibilidad de la prueba pericial propuesta por los peticionarios.[10] En consecuencia, resolvió no admitir el plano ni el informe pericial en la eventualidad de que se ofrecieran como prueba a favor de la reclamación. Según razonó el foro primario, paralizar el juicio para que los peticionarios realizaran el trámite procesal de adherir las estampillas – proceso que tuvo la oportunidad de completar en el descubrimiento de prueba y no lo hizo – desvirtuaría los principios cardinales de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, especialmente cuando no se justificaron las razones por las cuales se omitió el deber de hacerlo.

El 21 de marzo de 2024, los peticionarios presentaron una *Moción en solicitud de reconsideración* en la que solicitaron que el TPI reconsiderara su determinación y, por consiguiente, admitiera los documentos objetados.[11]

El 26 de marzo de 2024, el TPI emitió, notificó y archivó en autos digitalmente una *Resolución* en la que declaró No Ha Lugar la solicitud de reconsideración.[12]

Inconformes, los peticionarios radicaron el recurso de epígrafe y le imputaron al foro primario la comisión del siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA (TPI) AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN PRESENTADA POR LA PARTE DEMANDANTE-PETICIONARIA Y COMO CONSECUENCIA CONCLUIR QUE NO ESTAR[Í]A ADMITIENDO EL PLANO NI EL INFORME PERICIAL DE LA PARTE DEMANDANTE EN LA EVENTUALIDAD DE QUE SE OFRECIERAN COMO PRUEBA A FAVOR DE SU RECLAMACIÓN

En síntesis, argumentaron que la determinación impugnada debía ser revocada porque la objeción de los recurridos a los documentos fue prematura, incorrecta y no oportuna. A su entender, la objeción fue realizada al inicio del examen directo del perito, el agrimensor

---

[10] Notificada y archivada en autos digitalmente el 7 de marzo de 2024. Íd., Anejo 10, págs. 29-33.
[11] Íd., Anejo 11, págs. 34-39.
[12] Íd., Anejo 1, págs. 1-2.

González Fernandini, sin que los peticionarios solicitaran que se marcaran como identificaciones o *exhibits* el plano o el informe en cuestión. Es decir, antes de que se hubiesen ofrecido como evidencia.

El 6 de mayo de 2024, los recurridos presentaron una *Moción en oposición a expedición de certiorari* en la que solicitaron que deneguemos la expedición del auto solicitado. Es su posición que el caso carece de fundamentos para la expedición del *certiorari*. En los méritos, arguyeron que la objeción levantada sobre los documentos del perito fue hecha oportunamente y que ni la determinación recurrida, ni la conversación de las partes y el juez en cámara consideraron el alegado carácter prematuro de la objeción. Según esbozaron, una vez fueron estipuladas las cualificaciones del perito procedía obligatoriamente que declarara sobre el contenido y los hallazgos de su informe. Por último, plantearon que la determinación fue emitida conforme a derecho y por fundamentos distintos a los planteados en el señalamiento de error de los peticionarios.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1,[13] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Construction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[14]

---

[13] Esta Regla dispone que:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[14] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

**B.**

En nuestro ordenamiento, la Ley del Colegio de Ingenieros y Agrimensores, *supra,* fue aprobada para constituir el Colegio de Ingenieros y Agrimensores de Puerto Rico, así como reglamentar estas profesiones. Entre las disposiciones de este estatuto, la Sección 11 de la Ley del Colegio de Ingenieros y Agrimensores, *supra* sec. 741, obliga a los ingenieros y agrimensores licenciados a adherir una estampilla física o digital a todo plano, documento o certificación. Ahora bien, igualmente le impone una importante consecuencia al defecto de documentos que no tengan adheridas las referidas estampillas: no podrán ser considerados por ningún tribunal de justicia de Puerto Rico. Concretamente, la citada sección establece:

> [...] disponiéndose, también, que ningún departamento del Gobierno, **ningún tribunal de justicia de Puerto Rico**, la Comisión de Servicio Público o cualquier otro organismo **aprobará o considerará válidos** los planos, documentos o certificaciones de trabajos de ingeniería que no tengan adheridas las correspondientes estampillas del Colegio. (Énfasis nuestro). 20 LPRA sec. 741.

**C.**

Por virtud de la Regla 104(A) de las Reglas de Evidencia, 32 LPRA Ap. VI, R. 104(A), para que una parte perjudicada por la admisión errónea de evidencia es necesario que presente una objeción: (1) oportuna; (2) específica; y (3) correcta. Una objeción es oportuna cuando se hace en el momento mismo en que nace el

---

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

fundamento para hacerlo o inmediatamente después. ***Pueblo v. Ortiz Colón,*** 207 DPR 100, 114 (2021). Es decir, significa que "se objete tan pronto surja el fundamento para objetar". E. L. Chiesa Aponte, *Compendio de Evidencia (En el Sistema Adversarial),* 1.ª ed., Ciudad de México, Ed. Tirant Lo Blanch, pág. 707. De esta forma, cuando no han surgido los fundamentos para objetar, la misma se tiene por inoportuna o prematura y, por lo tanto, corresponde declararla improcedente.

**IV.**

En el caso de marras, el TPI resolvió que un plano y un informe pericial preparados por un agrimensor eran inadmisibles en juicio porque no contaban con las estampillas requeridas por la Sección 11 de la Ley del Colegio de Ingenieros y Agrimensores, *supra,* un requisito *sine qua non* para que un tribunal considere válidos unos planos o documentos preparados por un agrimensor licenciado.

En desacuerdo, los peticionarios argumentan que la objeción de los recurridos a los documentos en cuestión era prematura porque no habían sido ofrecidos por ellos para que el TPI los admitiera en evidencia.

Entretanto, en apoyo de la determinación del foro primario, los recurridos arguyen que la objeción fue oportuna porque, entre otras razones, el perito estaría declarando sobre el contenido y los hallazgos de su informe, acto seguido a la estipulación que las partes habían hecho de sus cualificaciones periciales.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resolvemos que el TPI incidió en el error señalado. La letra de la ley aplicable a este caso es clara: los tribunales están vedados de considerar válidos planos o documentos de ingeniería que no tengan adheridos a sí las estampillas correspondientes del Colegio de Ingenieros y

Agrimensores de Puerto Rico. Ahora bien, la conclusión del foro primario de que los documentos en controversia eran inadmisibles en la presente etapa del juicio de este caso es errónea. Al momento en que se objetaron los documentos, estos aún no habían sido ofrecidos en evidencia por los peticionarios. Todavía más, en el directo al perito, aún no se había comenzado a formular preguntas sobre los documentos cuando los recurridos intervinieron para realizar preguntas sobre las estampillas en los mismos. Es decir, el momento para que el TPI los considerara válidos no había llegado aún. Por ello, mientras los documentos no se ofrecieran en evidencia, el defecto del que adolecen – la carencia de estampillas adheridas – es subsanable y no provoca que sean categóricamente rechazados por el foro primario. Visto de este modo, la objeción de los recurridos a la admisión de los documentos en cuestión fue prematura y, por ello, inoportuna. En consecuencia, correspondía que fuera declarada improcedente por el TPI.

Además, cabe destacar que la *Resolución* recurrida reconoce en su lenguaje que la evidencia no ha sido ofrecida y, por ello, se adelanta a esa posibilidad. En concreto, consignó "[...] concluimos que el tribunal no admitirá el plano ni el informe pericial de la Parte Demandante **en la eventualidad de que se ofrecieran como prueba a favor de su reclamación**".[15] Al así actuar, el foro primario excedió los límites de su augusta discreción.

Por todo lo anterior, es menester intervenir debido a que esperar a la apelación constituye un fracaso irremediable de la justicia. Consiguientemente, procede expedir el auto de *certiorari* y revocar la determinación recurrida.

---

[15] Apéndice de la petición de *Certiorari*, Anejo 10, pág. 33. (Énfasis nuestro).

**V.**

Por los fundamentos pormenorizados, se *expide* el auto de *certiorari* y se *revoca* la *Resolución* recurrida. Se devuelve el caso para la continuación del juicio, conforme a lo aquí resuelto.

**A tenor con lo dispuesto en la Regla 35(A)(1) del Reglamento del Tribunal de Apelaciones, *supra*, R. 35(A)(1), el TPI puede proceder de conformidad con lo aquí resuelto sin tener que esperar por nuestro mandato.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones